UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**T.A.S**
    Plaintiff,

v.

**Pasco County School District**
    Defendant.
_____/

## COMPLAINT

COMES NOW, Plaintiff, by and through his undersigned attorneys and file this Complaint against the named Defendant and in support, further state as follows:

### STATEMENT OF CAUSE OF ACTION

1. This is a complaint for declaratory, injunctive, and monetary relief for violation of the Plaintiff's rights under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq., and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794. Plaintiff's claims for relief are also predicated upon 42 U.S.C. § 1983, which authorizes actions to redress the deprivation, under color of state law, of rights privileges and immunities secured by the Constitution and laws of the United States.

### JURISDICTION

2. This Court has jurisdiction over the claims presented in this action pursuant to 28 U.S.C. § 1331 and § 1343.  Declaratory relief is authorized by 28 U.S.C. §§ 2201 and 2202.

## VENUE

3. Venue is proper in the United States District Court, Middle District of Florida, Tampa Division because the Defendant is located in this district and a substantial part of the events or omissions giving rise to this complaint occurred in this district.

## STATEMENT OF FACTS
### Pasco County Public Schools

4. The Pasco County Public Schools (PCSD) affords to its students a before and after school enrichment program through the Pasco Learning & Activity Centers of Enrichment (PLACE).

5. PLACE is designed to provide an active and enriching environment for children who must arrive at school early, stay late and/or require supervised activities on most school holidays. Participation is limited to elementary school children, in kindergarten through grade five. The school cafeteria and outside play areas are utilized for PLACE activities. In addition, supervision is provided by PCSD staff.

6. PCSD does not require a rental payment or other fee from PLACE for the use of its facilities to house the before and after school program.

7. PCSD charges a fee for participants in the PLACE program. Payments are made to PCSD.

8. The PLACE program handbook list the enrollment criteria for the PLACE program which includes:

    a. The student must be able to be independent in daily self-care needs, such as toileting, feeding, and dressing self.

    b. No danger to himself or others

    c. Able to participate in large group activities with an adult supervision of 1 adult to 25 students

    d. Able to remain within the program without running away.

9. The PLACE program handbook does not contain a provision for accommodating students with disabilities.

10. The PCSD Office for Career and Technical Education authorized termination of T.A.S. from the PLACE program.

## **T.A.S**

11. T.A.S. is a 10 year old male with a primary diagnosis of Aspergers Syndrome, Sensory Processing Disorder, ADHA, and Reactive Attachment Disorder.  T.A.S suffers from rectal prolapse which results in the need for monitoring of toileting habits.

12. T.A.S resides with his mother, father and two siblings in Wesley Chapel, Pasco County, Florida.

13. T.A.S. can ask for help, listen for a variety of purposes, follow spoken directions, understand word meaning and use words effectively to get needs met.

14. T.A.S. is able to read and comprehend on grade level, and is able to complete 3-5 sentence written work with little assistance.

15. T.A.S. shows good number sense and is able to complete math activities including up to three digit addition/subtraction with support.

16. T.A.S. has difficulty appropriately interacting with his peers and interpreting social cues. In addition, T.A.S. requires constant adult supervision due to his tendency to wander, climb, explore new areas, and the use of self-injurious behaviors when becoming frustrated. T.A.S.'s difficulties are a direct manifestation of his disability.

17. PCSD has created an Individualized Educational Plan (IEP) for T.A.S.

18. In 2012, Mrs. Smith completed the PLACE Registration Form on behalf of T.A.S to attend the PLACE before school. The designated PLACE location was New River Elementary School, which is T.A.S.'s assigned elementary school.

19. The PLACE program was aware of T.A.S.'s disabilities and need for accommodation.

20. A Behavior Support Plan was created by PCSD for T.A.S. specifically for his participation in the PLACE program. Initially, PCSD provided accommodations for T.A.S., which included an additional staff member at the PLACE location that served T.A.S.; the additional staff member served as an additional support for T.A.S.

21. T.A.S. received several PLACE program behavior notices due to incidents involving inappropriate behavior such as eloping, aggression, and refusing to comply; these behaviors are manifestations of T.A.S.'s disabilities.

22. PCSD created an amended PLACE behavior support plan for T.A.S. on 8/30/13.

23. T.A.S.'s Behavior Support Plan dated 08/30/13 includes the following strategies designed to assist T.A.S. to have a successful experience at PLACE:

    a. T.A.S. daily routine/expectations for morning PLACE time to be discussed/reviewed with T.A.S. each day for his first week and at east weekly thereafter.

    b. When T.A.S. follows his PLACE routine and expectations, it is indicated on his reward chart

    c. PLACE will contact New River Elementary Behavior Specialist Jon Leidy with progress updates weekly or more often as needed.

  d. Please remember that changes in routine can be very challenging. Provide extra encouragement on days when this is the case.

  e. If T.A.S. is having difficulty transitioning from his parents before he checks into PLACE, encourage him to start again and make good choices after the transition occurs.

  f. Initially, this plan may require extra time and support from adults, although it will be very likely be less to than what has been required to deal with problem behaviors.

24. As a result of T.A.S's behavioral manifestations of his disabilities, PCSD was in the process of creating an amended behavioral intervention plan when T.A.S. was discharged from the PLACE program.

## The Discharge of T.A.S.

25. On April 23, 2014, T.A.S. was discharged from the PLACE program.

26. The alleged action that led to T.A.S.'s expulsion involved an inappropriate physical contact with a PLACE staff member.

27. Mrs. Smith contacted personnel at the PLACE program, and was informed T.A.S. would not be able to return to the program. Mrs. Smith was told by PLACE program personnel that the level of support being provided to T.A.S. at PLACE was "at the detriment of other students".

28. Mrs. Smith contacted PCSD to request reconsideration. Mrs. Smith was informed that per PCSD policy, T.A.S. would not be able to reapply for PLACE for one calendar year

29. Mrs. Smith suggested alternative accommodations which would provide support to T.A.S. and alleviate any alleged detriment to other students. Mrs. Smith suggested

allowing T.A.S.'s private behavior support personnel attend the PLACE program. PCSD denied Mrs. Smith's suggested alternative accommodations.

30. Mrs. Smith suggested PCSD created a before/after school childcare program for children with special needs.  On August 26, 2014, Mary Grey, supervisor of child care educational programs for PCSD informed Mrs. Smith that "the District will continue to provide services for all students in an inclusive PLACE program.  Our goal is to provide support, structure, and opportunities for enrichment in an environment that will effectively provide reasonable accommodations for most students with disabilities in order for them to be successful and believe that this inclusionary philosophy aligns with best educational practices".  The actions of PCSD contradict their statement of inclusion and providing reasonable accommodations.

31. T.A.S.'s parents  provided PCSD with documentation to demonstrate that T.A.S. has received a new diagnosis and his new course of treatment since he was dismissed from the PLACE program.   Based on T.A.S.'s new medical diagnosis and course of treatment, T.A.S requested new accommodations, and PCSD waive the waiting period for re-entry into PLACE.

32. On September 25, 2014, PCSD informed T.A.S. that "upon review of this matter, and application of PLACE policy, we have come to the decision that we are not in a position to re0admit Andrew at this time.  We will uphold the current policy which allows parents to re-apply to the PLACE program one year after services have been terminated."

33. PCSD has declined to accept T.A.S.'s proposed accommodations, or offer any suggested reasonable accommodations.

### Economical Harm

34. T.A.S. resides with his parents, Mr. Patrick and Kelly Smith, and 2 siblings.

35. Mrs. Smith is employed with the Hillsborough County School District, and Mr. Smith works from home.

36. Because of T.A.S.'s expulsion from PLACE, Mr. Smith is hindered from accepting morning appointments and completing work tasks because he has to care for T.A.S.

37. The Smiths have also paid other caregivers to provide in-home care before school and after school for T.A.S. due to his expulsion from PLACE.

### COUNT I: Title II ADA

38. Plaintiffs re-allege and incorporate the allegations in paragraphs 1 to 37.

39. The purpose of Title II of the ADA is to apply the prohibitions against discrimination on the basis of disability currently set out in regulations implementing Section 504 of the Rehabilitation Act of 1973 to all programs, activities and services provided or made available by state and local governments or instrumentalities or agencies thereto, regardless of whether or not such entities received federal financial assistance.

40. T.A.S is a qualified individual with disabilities who, with or without reasonable modifications to rules, policies, or practices, meets the essential eligibility requirements for the receipt of services and/or participation in PCSD' before and after school programs provided through the PLACE program.

41. PCSD is a public entity as that term is defined in 42 U.S.C. 12131(1).

42. The PLACE program is operated by the PCSD.

43. PCSD directly and indirectly through its contracts, use agreements, and other arrangements with the PLACE program violated and continues to violate Title II of the Americans with Disabilities Act and its implementing regulations in the following ways:

    a. PCSD denied the Plaintiff the opportunity to participate in and benefit from the before and after school program based upon his disabilities.

    b. PCSD failed to make reasonable modifications to policies, practices or procedures when necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to T.A.S.

    c. PCSD denied Plaintiffs' requests for modifications to allow the T.A.S. to utilize private support services during the time T.A.S. was in the PLACE program.

    d. PCSD denied Plaintiffs' request for modifications by not reciprocating with their own suggestions of reasonable modifications.

    e. PCSD has and continues to aid and perpetuate the discrimination against T.A.S. by operating the PLACE program which discriminates on the basis of disability in providing its services through free rental use of PCSD's real property, use of resources, advertising, and other assistance.

    f. PCSD has and continues to limit the Plaintiff's enjoyment in the free before and after school service that PCSD affords to other students at New River Elementary School.

    g. PCSD has and continues to utilize criteria and methods of administration that have the effect of subjecting qualified individuals with disabilities to discrimination on the basis of that disability by utilizing the PLACE forms and brochures.

  **h.** PCSD has and continues to use eligibility criteria that screens out individuals with disabilities so that the before and after school program offered through the PLACE program is available only to those students without disabilities.

## Count II: Sec. 504 Claims

44. Plaintiffs re-allege and incorporate the allegations in paragraphs 1 to 37.

45. T.A.S. is a qualified individual with a disability that suffers from physical and mental impairments which substantially limit one or more of his major life activities, a record of such impairment, and is regarded as having such an impairment by Defendant.

46. Defendant knew Plaintiff was a person with disabilities when they requested his Individual Education Plan directly from New River Elementary School.

47. Plaintiff requires reasonable modifications in order to participate in the Defendant's programs and those modifications would not change the essential nature of the program.

48. PCSD is a recipient of federal funds.

49. PCSD, through the PLACE program, runs a program for before and after school enrichment principally engaged in the business of providing education, social services, and recreation for PCSD students.

50. PCSD is a public board of education or other public authority legally constituted within the State of Florida for either administrative control or direction of, or to perform a service function for, public elementary schools or secondary schools in a city, county, township, school district, or other political subdivision of a State, or for a combination of school districts or counties that is recognized in a State as an administrative agency for its public elementary schools or secondary schools.

51. PCSD violated and continues to violate Section 504 of the Rehabilitation Act and its implementing regulations in the following ways:

    a. PCSD intentionally denied the Plaintiff the opportunity to participate in and benefit from the before and after school program based upon his disabilities.

    b. PCSD failed to make reasonable modifications to policies, practices or procedures when necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to T.A.S.

    c. PCSD denied Plaintiff's requests for modifications to allow T.A.S. to utilize private support services during the time T.A.S. was in the PLACE program.

    d. PCSD denied Plaintiff's request for modifications by not reciprocating with their own suggestions of reasonable modifications.

    e. PCSD has and continues to aid and perpetuate the discrimination against T.A.S. by providing significant assistance to the PLACE program which discriminates on the basis of disability in providing its services through free rental use of PCSD' real property, use of resources, advertising, and other assistance.

    f. PCSD has and continues to intentionally limit the Plaintiff's enjoyment in the before and after school service that PCPS affords to other students at New River Elementary School.

    g. PCSD has and continues to utilize criteria and methods of administration that have the effect of subjecting qualified individuals with disabilities to discrimination on the basis of that disability by utilizing the YMCA's forms and brochures.

      **h.** PCSD has and continues to utilize eligibility criteria that screens out individuals with disabilities so that the before and after school program through PLACE is available only to those students without disabilities.

**WHEREFORE** the Plaintiffs pray this court will enter an order:

1. Declaring PCSD to be in violation of Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq., and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794;
2. Enjoining PCSD from continuing to prohibit the Plaintiff from enrolling and participating in the before/after-school program;
3. Enjoin PCSD from utilizing criteria and written enrollment forms that screen out children with disabilities;
4. Enjoin PCSD from utilizing their policy that prevents youth who have been expelled from the PLACE due to disability related behavior from readmission to PLACE for one calendar year.
5. Award the plaintiff, through his guardian, Kelly Smith, damages pursuant to Title II of the ADA and Section 504 of the Rehabilitation Act;
6. Award such other relief as this Court deems just and proper.

DATED this 2nd day of December, 2014

Respectfully submitted this 2nd day of December, 2014.

                                     By     /S/ Harold Bennett, Esq.
                                                      Harold V. Bennett III, Esquire
                                                      Counsel for Plaintiffs
                                                      Florida Bar No. 0620297
                                                      Disability Rights Florida
                                                      1000 North Ashley Drive, Suite 640
                                                      Tampa, Florida 33602
                                                      Phone:  (850)488-9071
                                                      Fax:     (850)488-8640
                                                      E-Mail: haroldb@DisabilityRightsFlorida.org

                                                      /S/ Stephanie Moore, Esq.
                                                      Stephanie Moore, Esquire
                                                      Counsel for Plaintiffs
                                                      Florida Bar No. 0104375
                                                      Disability Rights Florida
                                                      1930 Harrison St. Suite 104
                                                      Hollywood, FL 33020
                                                      Phone:  (850)488-9071
                                                      Fax:     (850)488-8640
                                                      E-Mail:  stephaniem@disabilityrightsflorida.org

## CERTIFICATE OF SERVICE

I CERTIFY that a true and correct copy of the foregoing was furnished by Dennis Alfonso, McClain, Alfonso & Meeker, P.A., PO Box 4. Dade City, FL 33526-0004, eserve@McClainAlfonso.com by US Postal Mail and by electronic mail this 2nd day of December, 2014.

                                                      s/ Harold Bennett, Esq.
                                                      Florida Bar No.
                                                      Disability Rights Florida
                                                      1000 North Ashley Drive, Suite 640
                                                      Tampa, Florida 33602
                                                      Phone: (850)488-9071
                                                      Fax: (850)488-8640
                                                      E-Mail: haroldb@DisabilityRightsFlorida.org